El Pueblo, Demandante y Apelado, *v.* Ambert, Acusado y Apelante.

Apelación procedente de la Corte de Distrito de Arecibo en causa por delito de infracción al artículo 162 del Código Penal.

No. 1196.—Resuelto en noviembre 20, 1917.

Delito Contra el Derecho Electoral—Derecho Electoral—Inscripción sin Tener la Edad.—Una persona que sea menor de edad a la fecha de unas elecciones generales en esta Isla, que se inscriba en las listas que contienen los nombres de los electores capacitados para votar en dichas elecciones, comete el delito que prevé y castiga el artículo 162 del Código Penal.

Id.—Id.—Votación el Día de las Elecciones.—Para que el delito cometido por una persona que se inscribe sin tener derecho a ello se entienda consumado, no es necesario que dicha persona vote el día de las elecciones.

Id.—Suspensión de las Elecciones.—La alegación de que el acusado no cometió delito alguno porque cuando las elecciones generales que debieron celebrarse en esta isla el 7 de noviembre de 1916 tuvieron lugar ya el acusado había cumplido veintiún años, no tiene mérito alguno porque la ley del Congreso por virtud de la cual fué trasferida la celebración de dichas elecciones se promulgó con posterioridad a la inscripción del acusado, o sea, a la violación consciente de la ley por parte del mismo.

Los hechos están expresados en la opinión.

Abogado del apelante: Sr. José de J. Esteves.

Abogado del apelado: Sr. Salvador Mestre, Fiscal.

El Juez Asociado Sr. del Toro, emitió la opinión del tribunal.

Ignacio Ambert fué acusado por el Fiscal porque el día 3 de julio de 1916 en Manatí que forma parte del Distrito Judicial de Arecibo, P. R., concurrió ante la Junta de Inscripciones para el Precinto de Manatí y allí y entonces voluntariamente se hizo inscribir en el Registro de Electores del Municipio de Manatí, sabiendo que no tenía derecho a tal inscripción por no tener la edad de 21 años o más que la ley exige para ser elector el día que estaba señalado para celebrarse unas elecciones generales en Puerto Rico, o sea el 7 de noviembre de 1917."

El acusado hizo la alegación de no culpable y en el acto del juicio ambas partes aceptaron como probado "que Ignacio

Ambert, el acusado, el día a que se refiere la denuncia se inscribió en un precinto electoral de Manatí y que tendría el día 7 de noviembre de 1916, el día de las elecciones en Puerto Rico, la edad de veinte años nueve meses.''

La corte declaró culpable al acusado y lo condenó a sufrir cuatro meses de cárcel y a pagar las costas. Y contra esa sentencia, se interpuso el presente recurso de apelación.

Sólo existe una cuestión a resolver en este asunto. Se ha resuelto por esta corte que comete el delito previsto y castigado en el artículo 162 del Código Penal aquella persona que se inscribe en las listas electorales sin tener derecho a ello porque en la fecha fijada por la ley no alcanzaría la edad de veinte y un años exigida por la misma ley para poder votar en Puerto Rico. (Véase el caso de *El Pueblo* v. *García,* 23 D. P. R. 730.) En tal virtud habiéndose admitido que el acusado el 7 de noviembre de 1916 sólo tendría veinte años nueve meses, es bien claro que cometió el delito que se le imputó y por el cual fué castigado.

Pero se alega que las elecciones fijadas por la ley portorriqueña para el 7 de noviembre de 1916 fueron suspendidas por acta del Congreso de los Estados Unidos de 8 de septiembre de 1916, y que cuando dichas elecciones se celebraron ya el acusado era mayor de edad, no habiendo por tanto cometido delito alguno.

A nuestro juicio es insostenible la contención del acusado. La Ley del Congreso se decretó en septiembre de 1916 y el acto realizado por el acusado lo fué el 3 de julio de 1916; esto es cuando estaba en todo su vigor el estatuto que fijaba las elecciones generales para el 7 de noviembre de 1916. La violación consciente de la ley que la misma ley castiga, quedó totalmente realizada el 3 de julio de 1916. Para que el delito cometido por una persona que se inscribe sin tener derecho a ello se entienda consumado, no es necesario qué dicha persona vote en efecto el día de las elecciones. La actuación del Congreso suspendiendo las elecciones fijadas para el 7 de noviem-

bre de 1916, fué posterior a la perpetración del delito y ajena por completo a la voluntad del acusado.

Debe declararse sin lugar el recurso y confirmarse la sentencia apelada.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Asociados Wolf y Hutchison.

Los Jueces Sres. Presidente Hernández y Asociado Aldrey no intervinieron.